UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY LEE FLETCHER,

    Plaintiff,

    v.

CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES,

    Defendant.

Case No. 16-cv-04187-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

### I. INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. Dkt. 6.

Based on a review of the complaint (dkt. 1) pursuant to 28 U.S.C. § 1915, it is dismissed for failure to state a cognizable claim for relief.

### II. DISCUSSION

#### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.  Background**

Based upon the contents of a letter that Plaintiff received, which is dated May 16, 2016, he alleges that his privacy rights have been violated as the result of the theft of an unencrypted, password-protected laptop from the personal vehicle of a California Correctional Health Care Services ("CCHCS") employee on February 25, 2016.  Dkt. 1 at 3, 5.[1]  The notification stated as follows:

> We do not know if any sensitive information was contained in the laptop.  To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information.  If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information.  To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

*Id.* at 5.

Plaintiff seems to be alleging that this potential breach constituted a violation of his Fourth Amendment privacy rights.  *Id.* at 3.  The only named defendant is CCHCS.  *Id.* at 2.  Plaintiff seeks monetary damages.  *Id.* at 3.  Plaintiff avers that no prison administrative remedy was available to him to grieve this matter because it occurred outside the prison.  *Id.* at 2; *see* 42 U.S.C. § 1997e(a) (the Prison Litigation Reform Act requires that prisoners exhaust all available administrative remedies before commencing a civil suit).

**C.  Standing**

As a threshold matter, Plaintiff has failed to name a proper defendant.  He has only named CCHCS, which is a state agency and therefore not a "person" under section 1983.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

their official capacities are 'persons' under § 1983."). Assuming that Plaintiff could substitute appropriate individuals as defendants, the speculative allegations of the complaint still fail to establish that Plaintiff has standing because he cannot show an injury-in-fact.

"[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing [and ripeness]." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997))). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (citation omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (citations omitted).

To the extent Plaintiff may be attempting to bring a claim pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), which requires the confidentiality of medical records, "HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")). However, the Ninth Circuit has held that the constitutional right to informational privacy extends to medical information. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure

3

of personal matters clearly encompasses medical information and its confidentiality.") (citing *Doe v. Attorney Gen. of the United States*, 941 F.2d 780, 795 (9th Cir. 1991) *overruled on other grounds by Lane v. Pena*, 518 U.S. 187 (1996)).

Here, at most, Plaintiff only alleges the possibility of a disclosure of his medical information. Without more, the alleged injury is entirely speculative. While potential future harm can in some instances confer standing, Plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted). Plaintiff's allegations are based upon a notification which states that it is *unknown* whether any sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. *See* Dkt. 1 at 5. In other words, whether Plaintiff's sensitive information has even been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information. *See Bell Atlantic Corp.*, 550 U.S. at 554-55. Therefore, his claim for a violation of his constitutional right to informational privacy is DISMISSED without prejudice for lack of standing. *See Fleck & Assoc., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

Upon finding that a complaint should be dismissed for failure to state a claim, the district court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

4

1  absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing
2  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it
3  is clear that a complaint cannot be cured by amendment, the district court may dismiss without
4  leave to amend.  *See Cato*, 70 F.3d at 1105-06.  In the instant action, as set forth above, Plaintiff
5  lacks standing and thus amendment would be futile because the notification on which his
6  allegations are based establishes only speculative injury that is neither real nor immediate.
7  Because Plaintiff lacks standing to pursue his federal claims, the Court DISMISSES the complaint
8  in its entirety and without leave to amend.

## III. CONCLUSION

For the reasons set out above, this action is DISMISSED for failure to state a cognizable claim for relief due to lack of standing because Plaintiff's alleged injury is too speculative to support a claim for a violation of his constitutional right to informational privacy.  The dismissal is without prejudice as it is based on a lack of standing and without leave to amend as any amendment would be futile.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: September 27, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge